I8F5todP

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF NEW YORK
              ------------------------------x

              UNITED STATES OF AMERICA,              New York, N.Y.

                         v.                          16 Cr. 749 (RA)(SDA)

              DONOVAN TODD,

                         Defendant.

              ------------------------------x
                                                     August 16, 2018
                                                     10:45 a.m.

              Before:

                              HON. STEWART D. AARON,

                                             Magistrate Judge


                                  APPEARANCES

              GEOFFREY S. BERMAN
                   United States Attorney for the
                   Southern District of New York
              BY:  ANDREW D. BEATY
                   Assistant United States Attorney

              COLSON LAW, PLLC
                   Attorney for Defendant
              BY: DEBORAH A. COLSON
```

1                    (Case called)

2             THE DEPUTY CLERK:  Counsel, please state your

3    appearance for the record.

4             MR. BEATY:  Good morning, your Honor.  Andrew Beaty

5    for the government.

6             THE COURT:  Good morning.

7             MS. COLSON:  Good morning, your Honor.  Deborah Colson

8    for Mr. Todd.

9             THE COURT:  Good morning.  Please, be seated.

10            Good morning, Mr. Todd.  I am Magistrate Judge Aaron.

11   I understand we are here today because you wish to enter a plea

12   with respect to the charges alleged against you in Count One of

13   the indictment.

14            Is that correct?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  I have been provided a consent to proceed

17   before a United States Magistrate Judge on a Felony Plea

18   Allocution.

19            Am I correct, that you signed this document?

20            THE DEFENDANT:  Yes.

21            THE COURT:  This form says that you know you have a

22   right to have your plea taken by a United States district judge

23   but you have agreed to have your plea taken by me, a United

24   States magistrate judge.  As a magistrate judge, I have the

25   authority to take your plea with your consent but you will

1  still be entitled to all of the same rights and protections as
2  if you were before a district judge, among other things.  If
3  you are found guilty, you will be sentenced by the district
4  judge.
5             Did you sign this consent voluntarily?
6             THE DEFENDANT:  Yes, sir.
7             THE COURT:  And, before you signed it, did you discuss
8  it with your attorney?
9             THE DEFENDANT:  Yes, sir.
10            THE COURT:  And, do you wish to proceed before me, a
11  United States magistrate judge?
12            THE DEFENDANT:  Yes, sir.
13            THE COURT:  So, I am going to accept this form by
14  signing it at the bottom and I will ask my deputy to please
15  swear in the defendant.
16            THE DEPUTY CLERK:  Would you raise your right hand?
17            (Defendant sworn)
18            THE COURT:  Mr. Todd, the purpose of this proceeding
19  is to make sure you understand your rights, to decide whether
20  you are pleading guilty of your own free will, and to make sure
21  you are pleading guilty because you are guilty and not for some
22  other reason.
23            Do you understand?
24            THE DEFENDANT:  Yes.
25            THE COURT:  I am now going to ask you certain

1   questions.  It is very important that you answer these
2   questions honestly and completely.  If you don't understand any
3   of the questions or if at any time you want to consult with
4   your lawyer, please say so because it is important that you
5   understand every question before you answer.
6              What is your full name?
7              THE DEFENDANT:  Donovan Todd.
8              THE COURT:  And how old are you?
9              THE DEFENDANT:  25.
10             THE COURT:  Can you read and write?
11             THE DEFENDANT:  Yes.
12             THE COURT:  What was the highest grade in school that
13  you completed?
14             THE DEFENDANT:  Eleventh.
15             THE COURT:  And, are you currently or have you
16  recently been under the care of a doctor or a mental health
17  professional for any reason?
18             THE DEFENDANT:  No.
19             THE COURT:  Are you under the influence of any drug or
20  alcohol today?
21             THE DEFENDANT:  No.
22             THE COURT:  And how are you feeling physically today?
23             THE DEFENDANT:  Fine.
24             THE COURT:  Have you had sufficient time to discuss
25  the charges against you and your plea with your attorney

1    Ms. Colson?

2            THE DEFENDANT:  Yes.

3            THE COURT:  And, have you been satisfied with the
4    advice and counsel that Ms. Colson has provided to you?

5            THE DEFENDANT:  Yes.

6            THE COURT:  And are you ready to enter a plea today?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Does either counsel have any objections to
9    the defendant's competence to plead at this time?

10           MR. BEATY:  No, your Honor.

11           MS. COLSON:  No, your Honor.

12           THE COURT:  Mr. Todd, in order to determine whether
13   your plea is voluntary and made with a full understanding of
14   the charges against you and the consequences of your plea, I am
15   going to make certain statements to you and I'm also going to
16   be asking you certain questions.  I want you to understand that
17   I need not accept your plea unless I am satisfied that you are
18   in fact guilty and that you fully understand your rights.

19           So, the plea agreement states that you will plead
20   guilty to Count One of the indictment.  Count One charges you
21   with conspiring to commit wire fraud in violation of Title 18,
22   United States Code, Section 1349, and carries a maximum term of
23   imprisonment of 20 years, a maximum term of supervised release
24   of three years, a maximum fine of $250,000 or twice the gross
25   pecuniary gain to you, or the gross pecuniary loss to a person

1    other than you.

2             Do you understand that that is the crime to which you

3    are pleading and the maximum and minimum penalties that are

4    applicable to that crime?

5             THE DEFENDANT:  Yes.

6             THE COURT:  I am also required by law to tell you that

7    there is a special assessment or fine of $100 that is required

8    to be imposed on each count.

9             Do you understand that as part of your plea agreement

10   you are admitting the forfeiture allegation with respect to

11   Count One of the indictment?

12            THE DEFENDANT:  Yes.

13            THE COURT:  You also have agreed to forfeit to the

14   United States a sum of money equal to $18,438.61, representing

15   the amount of proceeds traceable to the commission of your

16   offense.

17            Do you understand that?

18            THE DEFENDANT:  Yes.

19            THE COURT:  And, you also have agreed to pay

20   restitution in an amount to be determined by the Court.

21            Do you understand that?

22            THE DEFENDANT:  Yes.

23            THE COURT:  And, Mr. Todd, what country are you a

24   citizen of?

25            THE DEFENDANT:  Canada.

I8F5todP

1           THE COURT:  You should know that if you are not a
2    citizen of the United States, then your guilty plea may also
3    have adverse consequences for your ability to remain in or
4    return to the United States including removal, deportation,
5    denial of citizenship, and denial of admission to the United
6    States in the future.  If that does happen, you will still be
7    bound by your guilty plea, that is, you will not be able to
8    withdraw it regardless of any advice you have received from
9    your counsel, or others, regarding the immigration consequences
10   of your plea.
11           Do you understand that?
12           THE DEFENDANT:  Yes.
13           THE COURT:  Do you understand the charges against you
14   and the consequences of pleading guilty?
15           THE DEFENDANT:  Yes, sir.
16           THE COURT:  Do you understand that in exchange for
17   your plea the United States Attorney's office has agreed not to
18   criminally prosecute you further for your participation in a
19   conspiracy to defraud retail stores operated by Apple, Inc., in
20   the United States from at least in or about March 2016 through
21   at least in or about October 2016?
22           THE DEFENDANT:  Yes.
23           THE COURT:  Do you understand that the United States
24   Attorney cannot make any promises to you concerning criminal
25   tax violations?

```
I8F5todP
```

1   THE DEFENDANT:  Yes.
2   THE COURT:  Do you understand that, in exchange for
3   your plea, this agreement does not bar the use of your conduct
4   as a predicate act or as the basis for a sentencing enhancement
5   in a subsequent prosecution?
6   THE DEFENDANT:  Yes.
7   THE COURT:  Do you agree that with respect to any and
8   all dismissed charges, you are not a prevailing party within
9   the meaning of the Hyde Amendment and that you not make any
10  claim under that law?
11  THE DEFENDANT:  Yes.
12  THE COURT:  Do you understand you have the right to
13  plead not guilty and the right to a trial on the charges
14  against you and, in fact, a trial by jury?
15  THE DEFENDANT:  Yes.
16  THE COURT:  I am now going to ask the Assistant United
17  States Attorney to state the elements of the crime charged.
18  You should understand that the elements are the things that the
19  government would have to prove beyond a reasonable doubt if you
20  went to trial.
21  MR. BEATY:  Thank you, your Honor.
22  At trial, the government would have to prove first
23  that there was a conspiracy to commit wire fraud; and second,
24  the defendant intentionally joined that conspiracy knowing its
25  unlawful objective.

1          The unlawful objective charged in the indictment is
2     wire fraud and the elements of that are that there were a
3     scheme or artifice to defraud or obtain money or property by
4     materially false and fraudulent pretenses, representations, or
5     promises; second, that the defendant knowingly and willfully
6     participated in that scheme with knowledge of its fraudulent
7     nature and with specific intent to defraud, or that he
8     knowingly and intentionally aided and abetted others in the
9     scheme.  Third and finally, in the execution of that scheme,
10    the defendant used or caused the use of interstate wires.
11         The government would additionally have to prove that
12    venue in the Southern District of New York was appropriate by a
13    preponderance of the evidence.
14         THE COURT:  Mr. Todd, do you understand that if you
15    had pled not guilty and went to trial, the burden would be on
16    the government to prove each and every element of the crime
17    charged beyond a reasonable doubt except for venue -- which is
18    by a preponderance -- in order to convict you?
19         Do you understand that?
20         THE DEFENDANT:  Yes.
21         THE COURT:  Do you understand that, at a trial, you
22    would have the right to be represented by an attorney at all
23    stages of the proceeding and, if necessary, an attorney would
24    be appointed for you?
25         THE DEFENDANT:  Yes.

I8F5todP

1  THE COURT:  Do you understand that, at trial, you
2  would have the right to confront and cross-examine witnesses
3  against you and the right not to be compelled to incriminate
4  yourself?
5  THE DEFENDANT:  Yes.
6  THE COURT:  Do you understand that, at trial, you
7  would be presumed innocent until such time, if ever, the
8  government established your guilt by competent evidence to the
9  satisfaction of the trier of fact beyond a reasonable doubt?
10  THE DEFENDANT:  Yes.
11  THE COURT:  Do you understand that, at trial, you
12  would have the right to testify and also be entitled to
13  compulsory process, in other words, the right to call other
14  witnesses on your behalf?
15  THE DEFENDANT:  Yes.
16  THE COURT:  Do you understand that if your plea is
17  accepted, then there will be no further trial of any kind and
18  that by pleading guilty you are waiving your right to trial?
19  THE DEFENDANT:  Yes.
20  THE COURT:  Do you understand that any statements you
21  make here today, under oath, may be used against you in a
22  prosecution for perjury or for making false statements?
23  THE DEFENDANT:  Yes.
24  THE COURT:  Failing to tell the truth today in this
25  proceeding is a crime.

1              Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  I have been provided by both sides a

4    signed letter dated July 23rd, 2018, that was signed today by

5    you, consisting of six pages that has along with it a consent

6    preliminary order of forfeiture/money judgment.  Both of these

7    documents appear to contain your signature.

8              Did you sign the document which is your plea

9    agreement, as well as the consent?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And, did you read these documents before

12   you signed them?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Did you discuss these documents with your

15   attorney before you signed them?

16             THE DEFENDANT:  Yes.

17             THE COURT:  I am now putting these documents to one

18   side.  Separate and apart from this agreement, have any threats

19   or promises been made to you to make you plead guilty?

20             THE DEFENDANT:  No.

21             THE COURT:  Has anyone forced you to plead guilty?

22             THE DEFENDANT:  No.

23             THE COURT:  Separate and apart from the plea

24   agreement, have any understandings or promises been made to you

25   concerning the steps that you will receive?

I8F5todP

1        THE DEFENDANT:  No.
2        THE COURT:  Is your plea voluntary, in other words of
3    your own free will?
4        THE DEFENDANT:  Yes.
5        THE COURT:  Now, I'm going to review some portions of
6    the plea agreement with you.  It states that you and the
7    government have reached agreement regarding the appropriate
8    calculation of your sentence under part of our law known as the
9    Sentencing Guidelines, and that the stipulated sentencing
10   guideline sentencing range is from 27 to 33 months'
11   imprisonment.
12       Do you understand that?
13       THE DEFENDANT:  Yes.
14       THE COURT:  And the agreement also states that you and
15   the government have agreed that the applicable fine range is
16   $10,000 to $100,000.
17       Do you understand that?
18       THE DEFENDANT:  Yes.
19       THE COURT:  Do you understand that neither the
20   probation office nor the Court is bound by the guideline
21   stipulations and that the sentence to be imposed upon you is
22   determined solely by the Court?
23       THE DEFENDANT:  Yes.
24       THE COURT:  In imposing its sentence upon you, the
25   Court is obligated to calculate the appropriate Sentencing

1  Guidelines range in determining a sentence range including
2  other sentencing factors that are set forth in Title 18, United
3  States Code, Section 3553(a).
4  　　　　Do you understand that?
5  　　　　THE DEFENDANT:  Yes.
6  　　　　THE COURT:  Do you understand you have agreed not to
7  file a direct appeal, or otherwise challenge your conviction or
8  sentence if you are sentenced within or below the stipulated
9  guidelines range?
10 　　　　THE DEFENDANT:  Yes.
11 　　　　THE COURT:  And, do you understand that you also have
12 agreed to waive your right to appeal any term of supervised
13 release that is less than or equal to the statutory maximum?
14 　　　　THE DEFENDANT:  Yes.
15 　　　　THE COURT:  Do you understand that you agree not to
16 appeal any fine that is less than or equal to $10,000?
17 　　　　THE DEFENDANT:  Yes.
18 　　　　THE COURT:  Do you understand that you have agreed to
19 waive your right to appeal any restitution or forfeiture amount
20 that is less than or equal to -- let me restate that.
21 　　　　Do you understand that you have agreed to waive your
22 right to appeal any forfeiture that is less than or equal to
23 $18,438.61?
24 　　　　THE DEFENDANT:  Yes.
25 　　　　THE COURT:  And, do you understand that you have

I8F5todP

1   agreed not to appeal any restitution order that is less than or
2   equal to $358,739.83?
3              THE DEFENDANT:  Yes.
4              THE COURT:  In light of the foregoing, how do you
5   plead?
6              THE DEFENDANT:  Guilty.
7              THE COURT:  And are you pleading guilty because you
8   are in fact guilty?
9              THE DEFENDANT:  Yes.
10             THE COURT:  Do you understand that this plea agreement
11  does not bind any prosecuting office other than the United
12  States Attorney's office for the Southern District of New York?
13             THE DEFENDANT:  Sorry.  Can you repeat that?
14             THE COURT:  Of course.
15             Do you understand that this plea agreement does not
16  bind any prosecuting office other than the United States
17  attorney's office for the Southern District of New York?
18             THE DEFENDANT:  Yes.
19             THE COURT:  Do you understand that apart from any
20  proffer agreements that you may have entered into with the
21  government, the plea agreement takes the place of any prior
22  understanding that you may have had with the government and
23  that the plea agreement cannot be modified, except in a writing
24  signed by all parties?
25             THE DEFENDANT:  Yes.

I8F5todP

1           THE COURT: Do you understand that if your conviction
2  following your plea of guilty is vacated for any reason, then
3  the government is not time-barred, and that if the cause of
4  action is not time-barred as of the date of signing the
5  agreement, that the government can reinstate its prosecution
6  against you?
7           THE DEFENDANT: Yes.
8           THE COURT: Mr. Todd, did you commit the offense to
9  which you are pleading?
10          THE DEFENDANT: Yes.
11          THE COURT: Please tell me in your own words what you
12 did.
13          THE DEFENDANT: In March 2016, I agreed with others to
14 defraud Apple Stores in the State of California.  My
15 co-conspirators and I entered Apple Stores, asked to purchase
16 various products, and then entered false information into the
17 credit card scanning machines.  I understood that the machines
18 were connected to the Internet and that I also understood that
19 my conduct was against the law.
20          THE COURT: Where were you when you committed this
21 conduct?
22          THE DEFENDANT: California.
23          THE COURT: If I could have the government make a
24 proffer with respect to the existence of venue or provide me
25 questions to ask the defendant in that regard?

1        MR. BEATY:  Yes, your Honor.

2        I can proffer that some of the perpetrators involved
3   in this conspiracy took -- defrauded Apple stores within the
4   Southern District of New York.  This defendant did not defraud
5   Apple stores within the Southern District of New York but it
6   was foreseeable to him that the scheme would be perpetrated
7   here.

8        THE COURT:  Were you aware that there were persons who
9   were acting in concert with you that were defrauding Apple
10  stores in New York City?

11       (Defendant and counsel conferring)

12       THE DEFENDANT:  I was not aware but I knew it was
13  possible that people were in other states.

14       THE COURT:  So it was foreseeable to you that some of
15  the stores that were being defrauded were located in New York
16  City?

17       (Defendant and counsel conferring)

18       THE DEFENDANT:  I knew it was possible they were in
19  New York City.

20       THE COURT:  Does the government have any other
21  questions it wishes for me to put to this witness?  With
22  respect to venue.

23       MR. BEATY:  No, your Honor.

24       THE COURT:  I am going to take a brief recess.

25       (Recess)

1      THE COURT:  Thank you.  Please, be seated.

2      I just ask the government to just provide me some

3 additional facts as to why it was reasonably foreseeable that

4 the acts that were undertaken by this defendant had an effect

5 on stores in New York.

6      MR. BEATY:  Your Honor, stores in New York, in the

7 Southern District of New York were in fact defrauded and it

8 only needs to be reasonably foreseeable to the defendant that

9 some act in furtherance of the conspiracy would take place

10 within the Southern District of New York.  Since he has

11 allocuted to the fact that it was, he believed it was possible,

12 that his co-conspirators would defraud stores in New York, the

13 government thinks that is sufficient.

14      THE COURT:  Okay.  And I would just ask defense

15 counsel, is this defendant waiving any challenge to venue?

16      MS. COLSON:  I don't believe it is necessary for him

17 to waive the challenge of venue because I believe the

18 government has made a sufficient proffer.

19      THE COURT:  Okay.  Thank you.

20      Ms. Colson, do you know any reason why Mr. Todd ought

21 not plead guilty?

22      MS. COLSON:  I do not, your Honor.

23      THE COURT:  Counsel for the government, do you have

24 any questions that you would like me to put to Mr. Todd in

25 connection with this guilty plea?

I8F5todP

1    MR. BEATY: No, your Honor. Thank you.

2    THE COURT: The Court is satisfied, Mr. Todd, that you

3 understand the nature of the charges against you and the

4 consequences of your plea. The Court also is satisfied that

5 your plea is being made voluntarily and knowingly and that

6 there is a factual basis. Accordingly, I will recommend to the

7 District Court that your plea of guilty be accepted.

8    I assume the government will order a copy of the

9 transcript and will submit it together with any additional

10 paperwork so that Judge Abrams may act on my recommendation.

11    MR. BEATY: Yes, your Honor.

12    THE COURT: And will you deliver the case summary for

13 purposes of presentence report to the Probation Department

14 within 14 days?

15    MR. BEATY: Yes.

16    THE COURT: And, Ms. Colson, will you be available to

17 be interviewed by the probation department with your client

18 within 14 days?

19    MS. COLSON: Yes, your Honor.

20    THE COURT: And, has a control date been set for

21 sentencing?

22    MR. BEATY: Your Honor, Judge Abrams has set November

23 30th at 3:00 p.m. for sentencing, although I understand that

24 defense counsel may request that that be changed.

25    MS. COLSON: Yes, your Honor.

1       I have already notified the government that I am going
2  to ask for an expedited sentencing in this case.  Mr. Todd has
3  already spent several months in Canada in prison before he was
4  brought to the United States and his co-defendants, all of whom
5  have already been sentenced, received quite low sentences.  So,
6  I believe he has a possibility of getting a time-served
7  sentence and I would like to push up that date, if possible.
8       THE COURT:  Am I correct you will be reaching out to
9  Judge Abrams' chambers to make that application?
10       MS. COLSON:  I will, your Honor.
11       THE COURT:  Very well.
12       Is there anything else from either side?
13       MR. BEATY:  Not from the government.  Thank you.
14       MS. COLSON:  No.  Thank you, your Honor.
15       THE COURT:  Okay.  Thank you.  This matter is
16  adjourned.
17                              o0o