```
IAH3TODS                    Sentence
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4            v.                              16 CR 749 (RA)

5  DONOVAN TODD,

6              Defendant.

7  ------------------------------x

8                                       New York, N.Y.
                                        October 17, 2018
9                                       3:00 p.m.

10
   Before:
11
                    HON. RONNIE ABRAMS,
12
                                        District Judge
13

14                      APPEARANCES

15 GEOFFREY S. BERMAN
       United States Attorney for the
16     Southern District of New York
   NATHAN M. REHN
17     Assistant United States Attorney

18 COLSON LAW PLLC
       Attorneys for Defendant
19 DEBORAH A. COLSON

20

21

22

23

24

25

1            THE DEPUTY CLERK:  United States of America v. Donovan
2    Todd, docket no. 16 CR 749.  Counsel, please state your name
3    for the record.
4            MR. REHN:  Good afternoon, your Honor.  Thane Rehn
5    appearing for the United States.
6            THE COURT:  Good afternoon.
7            MS. COLSON:  Good afternoon, your Honor.  Deborah
8    Colson for Mr. Todd.
9            THE COURT:  Good afternoon.  Good afternoon to you,
10   Mr. Todd.
11           THE DEFENDANT:  Good afternoon.
12           THE COURT:  We're here for a sentencing.  Mr. Todd
13   pled guilty before Magistrate Judge Aaron on October 16 to
14   conspiring to commit wire fraud in violation of Title 18,
15   United States Code, Section 1349, and that's a plea that I
16   formally accepted by way of order back in September.
17           In connection with today's proceeding, I reviewed the
18   following submissions:  The presentence investigation report
19   dated October 10, Mr. Todd's sentencing memorandum dated
20   October 11 with accompanying letters as well as the October 16
21   letter from counsel as well, and the government's sentencing
22   memorandum also dated October 16.
23           Have the parties received each of these submissions
24   and have they been filed on the docket?
25           MR. REHN:  Yes, your Honor.

1           MS. COLSON:  Yes, your Honor.

2           THE COURT:  So let's begin by discussing the

3  presentence report prepared by the probation department.

4  Ms. Colson, have you reviewed the presentence report and

5  discussed it with your client?

6           MS. COLSON:  I have, your Honor.

7           THE COURT:  I understand that you object to the

8  portion with respect to how long he's been in custody.  Is that

9  right?

10          MS. COLSON:  That's right.

11          THE COURT:  And the government, you don't contest he's

12 been in custody for approximately seven months, do you?

13          MR. REHN:  Your Honor, we had passed along the

14 correspondence we received from the Canadian authorities at the

15 time of his extradition.  I saw yesterday with Ms. Colson's

16 letter that they received additional documentation suggesting

17 he had been in custody longer than the documentation we

18 originally received.  I don't have any reason to doubt the

19 authenticity of that.

20          THE COURT:  So will you just direct me to the

21 particular paragraph that's in the presentence report.

22          MS. COLSON:  It is on the first page where it says

23 "release status."

24          THE COURT:  What would you propose changing?

25          MS. COLSON:  It says that he was in custody from

1    August 13 until August 30, which is correct.  But I would also
2    add that he surrendered himself again and was in custody from
3    March 21 to June 12.
4            THE COURT:  That's actually on the next page, although
5    it says July 12.  It says, "According to the defendant, he
6    surrendered to authorities in Canada from March 21 and remained
7    until his extradition."
8            MS. COLSON:  What the difference is that on the first
9    page, it says, "As per the government and the Ministry of
10   Community Safety and Correction in Toronto, he was in custody
11   from August 13 to August 30 and then, according to the
12   defendant, he returned to custody," but I believe based on the
13   documentation we received the other day, the Ministry of
14   Community Safety and Corrections in Toronto now confirms he
15   returned to custody, and as the government just stated on the
16   record, they don't dispute that.
17           THE COURT:  Okay.  Do you want to just add in the fact
18   that it is according to the defendant and the Ministry of
19   Community Safety and Corrections?
20           MS. COLSON:  Sure.
21           THE COURT:  Okay.  So we'll just add that in on this
22   page.  Do you have any other objections?
23           MS. COLSON:  The only other objection is to the date
24   of birth on page two.  It says that he was born in 1994, when
25   he was actually born in 1993.  And I think that may have been

1    the source of at least part of the confusion at the Canadian
2    Ministry.
3             THE COURT:  I'll change that to 1993 as well.  I
4    understand that the name may have been part of the confusion as
5    well.
6             MS. COLSON:  That's right.
7             THE COURT:  Okay.  Mr. Todd, did you have enough time
8    and opportunity to discuss the presentence report with your
9    attorney?
10            THE DEFENDANT:  Yes.
11            THE COURT:  To review it?
12            THE DEFENDANT:  Yeah.
13            THE COURT:  Does the government have any objections?
14            MR. REHN:  No, your Honor.
15            THE COURT:  So the Court adopts the factual findings
16   in the report with the modifications just made.  The
17   presentence report will be made a part of the record in this
18   matter and placed under seal.  If an appeal is taken, counsel
19   on appeal may have access to the sealed report without further
20   application to the Court.
21            Mr. Todd, when you pled guilty in August, you
22   discussed the federal sentencing guidelines with Magistrate
23   Judge Aaron.  As you know, they are a set of rules published by
24   the sentencing commission in order to guide judges when they
25   impose sentence.  And although at one time they were mandatory,

meaning judges were required to follow them, judges are no longer bound by the guidelines, but judges must nonetheless consider the guidelines and we must ensure they've been properly calculated.

In the plea agreement the parties agree Mr. Todd is facing a guideline range of 27 to 33 months, a range adopted by the PSR. Based on the parties' agreement and my independent evaluation of the guidelines, I accept that guideline calculation. Accordingly, I find Mr. Todd's offense level is 18, his criminal history category is I, and his recommended guideline sentence is 27 to 33 months in prison.

As I said a moment ago, that range is only advisory. Courts can impose a sentence outside that range based on one of two legal concepts: A departure or a variance. A departure allows for a sentence outside the advisory range based on some provision of the guidelines. In the plea agreement, both parties agreed that no departure from the guidelines range is warranted. Nevertheless, I've considered whether there is an appropriate basis for departure from the advisory range within the guideline system. And while recognizing that I have the authority to depart, I don't find any ground warranting departure under the guidelines.

I do, though, have the power to impose a non-guideline sentence which is called a variance pursuant to 18, United States Code, Section 3553(a).

1           So, with respect to that, I'll just hear from the
2    parties.  Does the government wish to be heard?
3           MR. REHN:  Unless the Court has questions, I would
4    rest on our submission.
5           THE COURT:  You don't dispute he was only involved in
6    this conspiracy -- that his actions only took place on one day?
7           MR. REHN:  That's correct, your Honor.  We say that in
8    our submission.
9           THE COURT:  Got it.  Okay.  Ms. Colson, would you like
10   to be heard?
11          MS. COLSON:  Yes, briefly, your Honor.  I would ask
12   that you do vary from the guidelines and sentence Mr. Todd to
13   time served.  As we have already stated on the record,
14   including time he spent in custody in Canada, he has now been
15   detained for seven months.
16          Mr. Todd is just 24 years old.  He was only 22 when
17   the crime was committed.  This is his first offense, and we
18   believe his risk of recidivism is quite low.  He's a smart and
19   talented young man.  He has a supportive mother and girlfriend
20   back in Canada where he was raised, and he has very solid and
21   feasible plans for his future.  And it is clear from his letter
22   that he has learned a valuable lesson during the seven months
23   he has spent incarcerated.
24          Finally, your Honor, while the guidelines do call for
25   27 to 33 months, they are based on a loss calculation that

1   takes into account the full amount of the loss to Apple during
2   the entire period of the conspiracy.  And as your Honor just
3   stated, Mr. Todd himself was only involved for one day, and the
4   loss that he is individually responsible for is significantly
5   lower than the total amount.
6           I would note for the record that your Honor has
7   already sentenced several co-conspirators of Mr. Todd's, and
8   the ones whose conduct most closely mirror his all received
9   sentences of time served.
10          So for those reasons, we would ask your Honor also
11  sentence Mr. Todd to time served.
12          THE COURT:  Mr. Todd, is there anything you'd like to
13  say today?  I read your letter.
14          THE DEFENDANT:  Yeah.  I'm truly sorry for my actions.
15  And I understand it was bad decision making, and I'll do
16  everything that I can to make sure it never happens again.
17  That's it.
18          THE COURT:  Thank you.  Is there any reason why
19  sentence cannot be imposed at this time?
20          MR. REHN:  No, your Honor.
21          MS. COLSON:  No, your Honor.
22          THE COURT:  So I am required to consider the advisory
23  guidelines range of 27 to 33 months as well as various other
24  factors set forth in the prevision of law I mentioned earlier,
25  Section 3553(a) of Title 18.  I've done so.  Those factors

include, but are not limited to, the nature and circumstances of the offense and the personal history and characteristics of the defendant, because every defendant must be considered individually as a person. Judges are also required to consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from future crimes of the defendant, and avoid unwarranted sentencing disparities, among other things.

As I've noted in other sentencings in this case, the Apple conspiracy involved at least 10 co-conspirators who collectively perpetrated this scheme to defraud Apple dozens of times around the country, causing over $350,000 in actual losses.

As I just noted, Mr. Todd, you were involved in the scheme just for a day, on March 15 of 2016. And as I understand it, participated only in three of the fraudulent purchases totaling over $18,000 in merchandise from Apple stores.

I think it's important to recognize Mr. Todd's limited role in the offense, and that he was not a part of any other schemes, as some of the other co-defendants were. I've also considered the fact that prior to this offense, you have no criminal history, Mr. Todd, or history of violence. You've

pled guilty fairly quickly after you got here, and seemed to be truly remorseful for your limited role in the scheme. So the recidivism in my view seems unlikely.

In your letter to the Court, you state that being in jail has not only made you learn your lesson, but has given you a newfound appreciation for freedom. I hope that's true.

I've read the letters from your loved ones who describe you as friendly and considerate and respectful and caring and hardworking. I don't have any reason to doubt any of that. And that you are a devoted son and boyfriend.

Mr. Todd has been detained for approximately seven months. He'll likely be detained further in ICE custody. Frankly, I think that's more than enough.

So I've considered all those factors as well as the other factors set forth in the law, including the need to avoid unwarranted sentencing disparities, and I'm ready to impose sentence.

Mr. Todd, can you please stand. It is the judgment of this Court that you be sentenced to a term of time served. I believe this sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in the law.

Although I do expect you'll be deported, I am nonetheless going to impose a term of one year of supervised release as I did for many of the other co-defendants, to the

1    extent that he remains here.
2             If you'd like, you could be seated while I describe
3    the conditions of the supervised release as well as other
4    details of your sentence.
5             So all the standard conditions of supervised release
6    shall apply.  Ms. Colson, I'm not going to read them all out
7    loud unless you'd like me to.  They are on page 21 and 22 of
8    the presentence report.
9             MS. COLSON:  That's fine, your Honor.
10            THE COURT:  The mandatory conditions shall apply.  You
11   shall not commit another federal, state, or local crime.  You
12   must not unlawfully possess a controlled substance.  You must
13   refrain from any unlawful use of a controlled substance.  You
14   must submit to one drug test within 15 days of release from
15   imprisonment and at least two periodic drug tests thereafter as
16   determined by the court.  And you must cooperate in the
17   collection of DNA as directed by the probation officer.
18            I'm also going to impose the special conditions of
19   supervised release recommended by probation department.  In
20   light of your immigration status, I'm going to order you to
21   obey the immigration laws and comply with the directives of
22   immigration authorities.  In light of the nature of the crime,
23   I'm going to order you to provide the probation office with
24   access to requested financial information.  And in addition to
25   order you to submit your person, residence, place of business,

1   vehicle, and any property or electronic devices under your
2   control to a search on the basis that the probation officer has
3   reasonable suspicion to believe that contraband or evidence of
4   a violation of the conditions of your supervised release may be
5   found.  The search must be conducted at a reasonable time and
6   in a reasonable manner.  Failure to submit to search may be
7   grounds for revocation.  And you must inform any other
8   residents that the premises may be subject to search pursuant
9   to this condition.  And you will be supervised in the district
10  your residence.  Again, to the extent that you remain here.
11              I decline to impose a fine.  The probation office has
12  reported you are unable to pay one.  I am imposing a mandatory
13  special assessment of $100 which must be paid immediately.
14              So let's talk about forfeiture and restitution.  I
15  don't think I have a forfeiture order here, but I understand
16  there is a consent order.  Is that right?
17              MR. REHN:  Yes, your Honor.  Because the plea was
18  before the magistrate judge, it wasn't entered at the time of
19  the plea.  I neglected to bring an order with me to court
20  today.  I would propose that the Court enter an oral order of
21  forfeiture, the parties have consented to the amount that's in
22  the PSR, and I'll submit the written order later today.
23              THE COURT:  I'm going to order that you are subject to
24  a forfeiture order of $18,438.61, which is an amount I
25  understand you consented to.  And is there a restitution order

1    in addition or is there one that you intend to submit?
2             MR. REHN:  As with the prior defendants in the case,
3    I'll submit a written restitution order within 60 days.
4             THE COURT:  Is that on consent as well?
5             MR. REHN:  We will confer, but I expect it will be.
6             THE COURT:  Okay.  All right.  Does either counsel
7    know of any legal reason why this sentence cannot be imposed as
8    stated?  Ms. Colson?
9             MS. COLSON:  No, your Honor.  Thank you.
10            MR. REHN:  No, your Honor.
11            THE COURT:  So that's the sentence of this Court.  You
12   have a right to appeal your conviction and sentence, except to
13   whatever extent you may have validly waived that right as part
14   of your plea agreement.  If you do choose to appeal, notice of
15   appeal must be filed within 14 days of the judgment of
16   conviction.  If you are not able to pay the cost of an appeal,
17   you may apply for leave to appeal in forma pauperis, which just
18   means that court costs such as filing fees will be waived.  If
19   you request, the clerk of court will prepare and file a notice
20   of appeal on your behalf.
21            Are there any open counts or underlying indictments
22   that need to be dismissed?
23            MR. REHN:  I believe he is named on underlying
24   indictments.
25            THE COURT:  That will be dismissed.

1           So Mr. Todd, I don't think people should be defined by
2      the worst mistake they've ever made.  I don't think you should
3      define yourself by this.  I think you should take it as a
4      lesson and a situation that you don't want to be in again.  You
5      know, in your letter, you wrote that you were a man anxious to
6      get home to his mother, friends, and girlfriend so he can
7      continue to love and care for them.  I hope that with their
8      help, that you'll get back on the right track, return to
9      Canada, and lead a law-abiding life going forward.  And I wish
10     you luck with that.
11          Are there any other applications at this time?
12          MR. REHN:  None from the government.
13          MS. COLSON:  No, your Honor.  Thank you.
14          THE COURT:  Thank you.  We are adjourned.
15          THE DEFENDANT:  Thank you.
16          (Adjourned)